**1822-CC00141**

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
TWENTY-SECOND JUDICIAL CIRCUIT
STATE OF MISSOURI

| | |
|---|---|
| **EMILY W. HAWKINS and JOSHUA A. HAWKINS, husband and wife,** | |
| **Plaintiffs,** | Case No. |
| **v.** | Division No. |
| **THE ST. LOUIS RAMS, LLC, a limited liability company,** Serve:  Alan Bornstein, Registered Agent One Metropolitan Square Suite 3000 St. Louis, MO 63102 | **JURY TRIAL DEMANDED ON ALL COUNTS** |
| **AND** | |
| **THE LOS ANGELES RAMS, LLC, a limited liability corporation, formerly known as and successor in interest to The St. Louis Rams, LLC,** Serve: Authorized Employees of Paracorp Incorporated, Registered Agent 2804 Gateway Oaks Drive #100 Sacramento, CA 95833 | |
| **AND** | |
| **KEELY L. FIMBRES-BLEDSOE, an individual, a/k/a Keely L. Fimbres,** Serve:  3803 Golden Pond Camarillo, CA 93012 | |
| **AND** | |
| **LONEWOLF ENTERTAINMENT, INC., a corporation,** Serve:  Jeff Thornton, Registered Agent 3001 Bay Creek Drive Dickinson, TX 77539 | |
| **AND** | |

1

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

**JEFF THORNTON, an individual,**
Serve:   11413 7th Street
              Santa Fe, Texas 77510

    **Defendants.**

## PETITION

Plaintiffs Emily W. Hawkins and Joshua A. Hawkins, by and through their undersigned

attorneys, and for their causes of action against The St. Louis Rams, LLC, The Los Angeles Rams,

LLC, formerly known as and successor in interest to The St. Louis Rams, LLC, Keely Fimbres-

Bledsoe, also known as Keely Fimbres, Lonewolf Entertainment, Inc., and Jeff Thornton

(hereinafter "Defendants"), state and allege as follows:

## PARTIES

1.      At all times mentioned herein, Plaintiff Emily W. Hawkins (hereinafter "Plaintiff

Hawkins") is and was a citizen and resident of St. Louis County, State of Missouri.

2.      In January 2016, Plaintiff Hawkins was a St. Louis Rams Cheerleader.

3.      At all times mentioned herein, Plaintiff Joshua A. Hawkins (hereinafter "Plaintiff

Josh Hawkins") is and was a citizen and resident of St. Louis County, State of Missouri.

4.      Plaintiff Josh Hawkins is, and was at all times mentioned herein, the lawfully

wedded spouse of Plaintiff Hawkins.

5.      Defendant The St. Louis Rams, LLC (hereinafter individually: "St. Louis Rams,"

and collectively with Defendant The Los Angeles Rams, LLC: the "Rams") is a Delaware limited

liability company in good standing and registered to do business in Missouri with its principle

place of business in St. Louis City County, Missouri, and may be served through its registered

agent Alan Bornstein, One Metropolitan Square, Suite 3000, St. Louis, Missouri, 63102.

2

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

6.      Defendant The Los Angeles Rams, LLC, formerly known as and successor in interest to The St. Louis Rams, LLC, (hereinafter individually: "LA Rams," and collectively with St. Louis Rams: the "Rams") is a Delaware limited liability company in good standing with its principle place of business in Ventura County, California, and may be served through its Registered Agent, Authorized Employees of Paracorp Incorporated (including Matthew Marzucco, Barbara Geiger, Ninh Ho, Leticia Burleson, Jody Moua, Milton Vong, Cori Ann Crosthwaite, Emily Smith, Lynette Feller, Laurie Simunich, Courtney Bains-Caulk, Shelby Haynes, Abigale Peterson or Destiny Baylor), 2804 Gateway Oaks Drive #100, Sacramento, CA 95833.

7.      At all times relevant, the Rams acted by and through its employees, contractors and/or agents.

8.      Defendant Keely L. Fimbres-Bledsoe, also known as Keely L. Fimbres ("Fimbres"), is a citizen and resident of Ventura County, State of California and may be served at 3803 Golden Pond, Camarillo, California, 93012.

9.      At all times relevant, Defendant Fimbres was and is employed by the Rams as the Director of Special Events. Defendant Fimbres was a supervisor for Plaintiff Hawkins.

10.     At all times relevant, Defendant Fimbres was an employee and/or agent of the Rams and acted within the course and scope of that employment and/or agency.

11.     Defendant Lonewolf Entertainment, Inc. ("Lonewolf") is an active corporation in good standing, organized and existing under the laws of the State of Texas, with its principal place of business located in Galveston County, Texas and may be served through its Registered Agent, Jeff Thornton, 3001 Bay Creek Drive, Dickinson, TX 77539.

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

12.     Defendant Lonewolf may also be served through the Texas Secretary of State by certified mail, return receipt requested to Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.

13.     At all times relevant, Defendant Lonewolf acted by and through its employees, contractors and/or agents.

14.     Upon information and belief, Defendant Jeff Thornton ("Thornton") is a citizen and resident of Galveston County, Texas, where he maintains a permanent address, and may be served at 11413 7th Street, Santa Fe, Texas 77510.

15.     At all times relevant, Defendant Thornton was an employee and/or agent of Defendant Lonewolf and acted within the course and scope of that employment and/or agency.

16.     At all times relevant, Defendant Thornton was an employee and/or agent of the Rams and acted within the course and scope of that employment and/or agency.

### JURISDICTION

17.     This Court has personal jurisdiction over all Defendants pursuant to MO. REV. STAT. §506.500 because each Defendant transacted business within Missouri, and/or contracted in Missouri, and/or committed a tort in Missouri, and/or contracted to insure persons, including Plaintiff Emily Hawkins, in Missouri.

18.     Further, each Defendant has sufficient minimum contacts with Missouri to satisfy due process.

### VENUE

19.     Venue is proper in this Court pursuant to R.S.Mo. § 508.010 because Defendant St. Louis Rams' registered agent and principle place of business is in St. Louis City County, Missouri.

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### For Years, Defendant Fimbres Was in Charge of Planning For and Accompanying Rams Cheerleaders on Overseas Trips

20.     Defendant Fimbres is the Director of Special Events for the Rams.

21.     Defendant Fimbres has been with the Rams for over 20 years.

22.     For many years, Defendant Fimbres has arranged trips for the Rams' cheerleaders and players to make special appearances, including overseas military tours and on-site photo shoots, in order to represent the Rams organization and to promote good will on behalf of the Rams on a global scale.

23.     Specifically, Defendant Fimbres arranged for the Rams Cheerleaders, including Plaintiff Hawkins, to travel to Riviera Maya, Mexico in 2014 to participate in the Rams' calendar photo shoot.

24.     Defendant Fimbres traveled to Riviera Maya in 2014 with the Rams Cheerleaders, including Plaintiff Hawkins, in a supervisory role on behalf of the Rams.

25.     For the Riviera Maya trip, Defendant Fimbres obtained travel insurance for Plaintiff Hawkins and others for the trip.

26.     Upon information and belief, Defendant Fimbres elected travel insurance in the past to ensure safe working conditions while the Rams Cheerleaders were traveling.

27.     Defendant Fimbres has arranged numerous overseas trips for the Rams cheerleaders and players for many years.

28.     During one of these past overseas trips, while under Defendant Fimbres' supervision, Defendant Fimbres refused to allow the Rams Cheerleaders to ride on recreational vehicles (wave runners) because of the danger associated with riding such vehicles and the risk that they posed.

5

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

### The Rams' Relationship with Jeff Thornton

29.     The Rams are currently the National Football League ("NFL") team in Los Angeles, California.

30.     From 1995 to 2016, the Rams were the NFL team in St. Louis, Missouri.

31.     Between 1995 and 2016, the Rams transacted business in Missouri, including entering into contracts in Missouri, which affected Rams' cheerleaders and players who resided in Missouri, including but not limited to Plaintiff Hawkins.

32.     Defendant Thornton is the President and/or an employee of Defendant Lonewolf.

33.     Defendant Lonewolf is a company that holds itself out as a booker for entertainment acts, including military tours specifically. Defendant Lonewolf advertises on its website, "Lone Wolf Entertainment takes care of your show from start to finish. We research the act, book and contract the act, arrange for travel, arrange and confirm production, orchestrate the full day of show, produce the show and get the act back home."

34.     Defendant Thornton contracted with the Rams and their employees in Missouri while they were St. Louis's NFL football team at least three times prior to Fall 2015.

35.     Specifically, Defendant Thornton reached into Missouri to contract with the Rams and Defendant Fimbres, while the Rams and Defendant Fimbres were located in Missouri, to arrange trips for its cheerleaders and/or players to travel overseas for military tours, including, but not limited to, a trip to Qatar and Afghanistan on June 14-27, 2008, Kuwait and Iraq on February 13-21, 2009, and Kosovo on an unknown date prior to 2015.

36.     Upon information and belief, Defendant Fimbres was involved in arranging trips directly with Defendant Thornton since 2008.

6

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

37.     Upon information and belief, Defendant Fimbres traveled on some or all of the trips mentioned above.

38.     Because of her experience arranging and planning these overseas trips, Defendant Fimbres had particular knowledge of the danger of traveling to war-torn countries with a group of Rams' representatives.

**The Rams, Fimbres and Jeff Thornton Arrange Qatar MWR Tour**

39.     Upon information and belief, prior to September 8, 2015, Defendant Fimbres, while in Missouri, and Defendant Thornton, while outside of Missouri, communicated via e-mail and/or telephone to arrange a military tour to Al Udeid Air Base in Qatar whereby Defendant Thornton would hire the Rams Cheerleaders to appear on his behalf to fulfill a contract which he would enter with the United States Military.

40.     Defendant Thornton specifically directed his business activities toward the State of Missouri.

41.     It was the usual practice of Defendant Thornton to reach out to Defendant Fimbres in Missouri, via email or telephone, to arrange military tours for the Rams cheerleaders and/or players.

42.     Then, Defendant Fimbres would travel from Missouri with the Rams' representatives to the trip site and meet Defendant Thornton at the site.

43.     Defendant Thornton reached into Missouri to contact the Rams through Defendant Fimbres

44.     Defendant Fimbres, while in Missouri, negotiated the terms, arrangements and contracts associated with the MWR Tour with Defendant Thornton.

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

45.     On September 8, 2015, Defendant Fimbres emailed Plaintiff Hawkins and others inquiring about their availability to travel overseas to Qatar for a military tour.

46.     The travel was originally scheduled for October 1, 2015 to October 6, 2015.

47.     On October 8, 2015, Defendant Fimbres emailed Plaintiff Hawkins and others updating the travel dates for the trip to January 21, 2016 to January 26, 2016.

48.     Upon information and belief, on or about December 20, 2015, Defendant Thornton was awarded Contract No. FA5702-16-H-0004 by the United States Air Force for a Morale, Welfare and Recreation Tour in which St. Louis Rams Cheerleaders and Mascot would travel to Al Udeid Air Base between approximately January 22, 2016 to January 27, 2016 ("MWR Tour").

49.     Thereafter, upon information and belief, Defendant Thornton entered into an agreement and/or contract with the Rams, by and through Defendant Fimbres, for the St. Louis Rams Cheerleaders and Mascot to travel to Qatar to participate in the MWR Tour.

50.     On December 10, 2015, Defendant Fimbres emailed Plaintiff Hawkins and others updating the timeframe for the trip. She thanked the email recipients, including Plaintiff Hawkins, for "taking time out of your busy schedules to represent us across the globe at US Military bases."

51.     Thereafter, Defendant Thornton emailed Defendant Fimbres asking her to have the St. Louis Rams Cheerleaders sign an autograph sheet. Defendant Thornton stated that he would send Defendant Fimbres the travel details once he booked travel for the Rams Cheerleaders.

52.     On December 22, 2015, Defendant Fimbres emailed Plaintiff Hawkins and others with the anticipated itinerary for their travel to Doha, Qatar for the MWR Tour. Defendant Fimbres asked to meet on January 7, 2016 with the group traveling to Doha, Qatar to plan for the trip and to "make sure we have everything together for the trip well in advance."

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

53.     Upon information and belief, neither the Rams, Defendant Fimbres nor Defendant Thornton purchased travel insurance on behalf of Plaintiff Hawkins and others for the MWR Tour or had an evacuation plan in place if there was an emergency.

54.     Upon information and belief, neither the Rams nor Defendant Fimbres arranged through Defendant Thornton, or anyone else, to secure travel insurance on behalf of Plaintiff Hawkins and others for the MWR Tour or establish an evacuation plan.

55.     On December 28, 2015, Defendant Thornton emailed Defendant Fimbres and asked her to confirm the flight details that he proposed. He indicated that he wanted to book the flights before the prices increased.

56.     On December 29, 2015, Defendant Thornton emailed Defendant Fimbres and stated that the flight days needed to be adjusted. He included a new itinerary.

57.     Upon information and believe, Defendant Keely confirmed the travel dates. At no time did she inquire about travel insurance or insurance for the Rams Cheerleaders while they were on the MWR Tour.

58.     On January 1, 2016, Defendant Thornton emailed Defendant Fimbres the flight reservations for the Rams Cheerleaders and Mascot, including Plaintiff Hawkins. The flights were scheduled to leave St. Louis, Missouri on January 21, 2016 and return to St. Louis, Missouri on January 26, 2016.

59.     On January 12, 2016, Defendant Fimbres emailed Plaintiff Hawkins and others regarding the trip to Qatar. She provided a document entitled "Qatar Tour Packet Jan 2016.doc" which provided directions and instructions regarding the trip, including to "[p]lease remember that this is a business trip and you are always representing the Rams." The packet also included

9

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

instructions on what to pack, what to carry on the plane, what to wear, where to be and at what time.

60.     On January 20, 2016, Defendant Thornton and Defendant Fimbres spoke on the phone regarding the MWR Tour.

61.     Defendant Fimbres was in Missouri when she spoke with Defendant Thornton on January 20, 2016.

62.     On January 20, 2016, Defendant Thornton emailed Defendant Fimbres with instructions regarding the trip.

63.     Also on January 20, 2016, Defendant Fimbres emailed Plaintiff Hawkins and others regarding the MWR Tour. She gave further instructions on what to wear, what to pack and what to expect once on the Air Base in Qatar.

64.     On January 21, 2016, the Rams Cheerleaders and Mascot traveled to Doha, Qatar for the MWR Tour, including Defendant Fimbres, Plaintiff Hawkins, Candice Ruocco, Autumn Williams, Meghan Borkowski, Tracy Friend, Sophia Rigg and Clinton McComb.

### The Rams' MWR Tour Visit to Al Udeid Air Base

65.     On January 22, 2016, the group arrived at Al Udeid Air Base in Qatar ("AUAB") where they met with Defendant Thornton outside of the base.

66.     When they arrived at AUAB, Defendant Thornton informed Ms. Borkowski that her name was not on the clearance list and instructed her to wait in the van until the other cheerleaders got onto the base. Then, Defendant Thornton suggested that Ms. Borkowski could use another cheerleader's passport to get on the base. Ms. Borkowski refused.

67.     Defendant Thornton was responsible for making sure the group, including Plaintiff Hawkins, were cleared to enter AUAB.

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

68.     Because Defendant Thornton failed to get clearance for Ms. Borkowski, Defendant Fimbres elected to stay at a hotel in Doha, Qatar with Ms. Borowski, apart from the group, thereby abandoning her supervisory role of the other Rams Cheerleaders and Mascot.

69.     When the Rams Cheerleaders got on base, they were taken to their dormitories to sleep for a few hours.

**Plaintiff Hawkins' Injury**

70.     On the morning of Saturday, January 23, 2016, the Rams Cheerleaders, including Plaintiff Hawkins, began their tour with the Airmen around AUAB.

71.     At approximately 1:30 p.m., while appearing for one of the scheduled tour visits with the Airmen, a female service member approached Plaintiff Hawkins and stated that she had been selected to ride on a four-wheel UTV recreational vehicle with Technical Sargent Gerson Hoebing.

72.     Upon information and belief, had Defendant Fimbres been present, she would not have let Plaintiff Hawkins ride in the UTV.

73.     Plaintiff Hawkins wore a helmet and seatbelt while in the UTV.

74.     Technical Sargent Hoebing began driving fast and showing off. The UTV tipped over and a metal bar rolled onto Plaintiff Hawkins' right lower leg.

75.     Defendant Fimbres was not present at AUAB and was not supervising the tour when the incident occurred.

76.     Plaintiff Hawkins was taken by ambulance to the medical facility at AUAB.

77.     Plaintiff Hawkins suffered a right open Grade II fracture of her distal tibia and a right open Grade I fracture of her distal fibula, among other injuries.

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

78.     Plaintiff Hawkins' doctor at AUAB set her bones with an external fixator and determined that she would need to be evacuated right away to undergo further treatment, including further surgery.

79.     Due to the severity of Plaintiff Hawkins' injuries, she was not able to fly on a standard commercial flight back to the United States.

**Medical Evacuation Delay**

80.     The Air Force began investigating arrangements for evacuating Plaintiff Hawkins. On January 26, 2016, the Air Force determined that they did not legally have a funding source to evacuate Plaintiff Hawkins from AUAB, and thus, Defendant Thornton and/or the Rams were responsible to pay to evacuate Plaintiff Hawkins.

81.     Defendant Thornton failed to obtain travel insurance or any other type of insurance to insure and protect Plaintiff Hawkins and the rest of the group while participating in the MWR Tour.

82.     The Rams and Defendant Fimbres were aware that Defendant Thornton did not obtain travel insurance.

83.     Upon information and belief, Defendant Thornton failed to obtain travel insurance although the MWR Tour contract required him to do so.

84.     Defendant Thornton reported to Brigadier General Darren V. James that it would cost him an additional $10,000.00 per appearance to purchase insurance for the groups that he booked to participate in MWR Tours, which is why he did not purchase insurance.

85.     As a result, Defendant Thornton failed to make any payment or pre-payment on Plaintiff Hawkins' behalf in order to evacuate her from Qatar.

12

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

86.     The Rams and Defendant Fimbres were aware of the cost of the insurance and the fact that Defendant Thornton did not want to spend the additional cost.

87.     Thereafter, the Rams, while in Missouri, were informed that there was no funding through the Air Force or Defendant Thornton to evacuate Plaintiff Hawkins.

88.     Defendant Fimbres and the Rams communicated about Plaintiff Hawkins' situation while employees of the Rams were in Missouri.

89.     The Air Force and the Rams did not agree about who was responsible for the cost of obtaining medical evacuation transport to fly Plaintiff Hawkins back to the United States for further medical care.

90.     The disagreement regarding who was responsible for the cost of the transportation caused a delay in Plaintiff Hawkins' travel home to the United States for further medical care.

91.     The Air Force informed the Rams that a medical evacuation flight would require a pre-payment of approximately $150,000.00 by 11:00 a.m. St. Louis time/5:00 p.m. Qatar time on January 26, 2016 to secure the flight.

92.     The Rams, while in Missouri, missed the deadline to submit the pre-payment, and thus, the medical evacuation flight to bring Plaintiff Hawkins home was delayed.

93.     While stranded in Qatar, Plaintiff Hawkins was under extreme stress and constant worry for her health, waiting for the Rams, Defendant Fimbres or Defendant Thornton to act on the situation to enable her to travel home for continued medical care.

94.     The Rams finally made the pre-payment for the medical evacuation flight and Plaintiff Hawkins departed Doha, Qatar on January 28, 2016, five days after her initial injury.

95.     While awaiting evacuation, Plaintiff Hawkins underwent three surgeries under general anesthesia in five days at the AUAB.

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

**Plaintiff Hawkins' Return to St. Louis, Missouri**

96.    Plaintiff Hawkins returned to St. Louis, Missouri by medical transport on January 29, 2016. She immediately went to Barnes Jewish Hospital where she continued treatment for her injuries.

97.    Plaintiff Hawkins underwent extensive treatment to clean out and prevent further infection in her leg.

98.    In total, Plaintiff Hawkins underwent six painful surgeries between January 2016 and June 2017 as well as other treatments and therapies.

99.    Plaintiff Hawkins suffered permanent injuries, disabilities, scarring and deformity.

## COUNT I – NEGLIGENCE
### (Plaintiff Hawkins v. The St. Louis Rams)

100.    Plaintiff incorporates the above allegations as though fully set forth herein.

101.    At all times mentioned herein, The St. Louis Rams acted by and through its employees and/or agents who acted within the course and scope of their employment.

102.    The St. Louis Rams owned and operated the Rams NFL football team from 1995 to 2016.

103.    The St. Louis Rams owed a duty to Plaintiff Hawkins to exercise reasonable care in arranging for Plaintiff Hawkins and others to travel overseas on behalf of the St. Louis Rams.

104.    Further, the St. Louis Rams owed a duty to Plaintiff Hawkins to exercise reasonable care when the St. Louis Rams undertook the duty to medically evacuate Plaintiff Hawkins from Qatar while she was traveling overseas on behalf of the St. Louis Rams.

105.    The St. Louis Rams were negligent in the following respects:

   a.   The St. Louis Rams declined to accept travel insurance;

   b.   The St. Louis Rams failed to obtain travel insurance;

14

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

    c.   The St. Louis Rams failed to develop, obtain or create an emergency evacuation plan;

    d.   The St. Louis Rams failed to arrange transportation to get Plaintiff Hawkins home more quickly;

    e.   The St. Louis Rams failed to make a timely payment and/or pre-payment on Plaintiff Hawkins' behalf when they had actual or constructive knowledge of the medical emergency situation she faced;

    f.   The St. Louis Rams failed to create procedures and/or policies to protect Plaintiff Hawkins while on the MWR Tour;

    g.   The St. Louis Rams failed to provide a safe working environment and conditions for Plaintiff Hawkins while on the MWR Tour; and

    h.   Such further negligent acts and omissions as the evidence and discovery will reveal.

106.   Plaintiff Hawkins was not in a position to assess the danger of traveling overseas without travel insurance or without an evacuation plan because she relied on the St. Louis Rams, who induced her to rely on her, to arrange the travel for the MWR Tour.

107.   As a direct and proximate result of the negligence of The St. Louis Rams, Plaintiff Hawkins suffered extreme mental anguish and her pain and discomfort were prolonged and exacerbated.

108.   As a direct and proximate result of the negligence of The St. Louis Rams, Plaintiff personally sustained and will continue to sustain actual damages including economic damages and lost wages, physical and mental injuries, emotional distress, and has become indebted for reasonable and necessary medical care and treatment.

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

109.    The negligence of The St. Louis Rams described above showed a complete indifference to or conscious disregard for the safety of Plaintiff Hawkins and others in one or more of the following, specific respects:

    a.   The St. Louis Rams declined to accept travel insurance;

    b.   The St. Louis Rams failed to obtain travel insurance;

    c.   The St. Louis Rams failed to develop, obtain or create an emergency evacuation plan;

    d.   The St. Louis Rams failed to arrange transportation to get Plaintiff Hawkins home more quickly;

    e.   The St. Louis Rams failed to make a timely payment and/or pre-payment on Plaintiff Hawkins' behalf when they had actual or constructive knowledge of the medical emergency situation she faced;

    f.   The St. Louis Rams failed to create procedures and/or policies to protect Plaintiff Hawkins while on the MWR Tour;

    g.   The St. Louis Rams failed to provide a safe working environment and conditions for Plaintiff Hawkins while on the MWR Tour; and

    h.   Such further negligent acts and omissions as the evidence and discovery will reveal.

110.    An award of punitive damages is justified in such sum as will serve to punish the St. Louis Rams and deter the St. Louis Rams, and others, from like conducts in the future.

WHEREFORE, Plaintiff Emily Hawkins prays for judgment against the St. Louis Rams in Count I herein in an amount in excess of $25,000, that is fair and reasonable under the circumstances, for all lost wages, medical, doctor and hospital bills incurred or to be incurred in the future; for all pain and suffering as a result of her injuries; together with costs herein expended,

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT II – NEGLIGENCE
### (Plaintiff Hawkins v. The LA Rams)

111.    Plaintiff incorporates the above allegations as though fully set forth herein.

112.    At all times mentioned herein, The LA Rams acted by and through its employees and/or agents who acted within the course and scope of their employment.

113.    The LA Rams are formerly known as the St. Louis Rams and are the successor in interest to The St. Louis Rams, LLC.

114.    The LA Rams own and operate the Los Angeles Rams NFL football team.

115.    The LA Rams owed a duty to Plaintiff Hawkins to exercise reasonable care in arranging for Plaintiff Hawkins and others to travel overseas on behalf of the LA Rams.

116.    Further, the LA Rams owed a duty to Plaintiff Hawkins to exercise reasonable care when the LA Rams undertook the duty to medically evacuate Plaintiff Hawkins from Qatar while she was traveling overseas on behalf of the LA Rams.

117.    The LA Rams were negligent in the following respects:

    i.   The LA Rams declined to accept travel insurance;

    j.   The LA Rams failed to obtain travel insurance;

    k.   The LA Rams failed to develop, obtain or create an emergency evacuation plan;

    l.   The LA Rams failed to arrange transportation to get Plaintiff Hawkins home more quickly;

    m.   The LA Rams failed to make a timely payment and/or pre-payment on Plaintiff Hawkins' behalf when they had actual or constructive knowledge of the medical emergency situation she faced;

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

n. The LA Rams failed to create procedures and/or policies to protect Plaintiff Hawkins while on the MWR Tour;

o. The LA Rams failed to provide a safe working environment and conditions for Plaintiff Hawkins while on the MWR Tour; and

p. Such further negligent acts and omissions as the evidence and discovery will reveal.

118.   Plaintiff Hawkins was not in a position to assess the danger of traveling overseas without travel insurance or without an evacuation plan because she relied on the LA Rams, who induced her to rely on her, to arrange the travel for the MWR Tour.

119.   As a direct and proximate result of the negligence of The LA Rams, Plaintiff Hawkins suffered extreme mental anguish and her pain and discomfort were prolonged and exacerbated.

120.   As a direct and proximate result of the negligence of The LA Rams, Plaintiff personally sustained and will continue to sustain actual damages including economic damages and lost wages, physical and mental injuries, emotional distress, and has become indebted for reasonable and necessary medical care and treatment.

121.   The negligence of The LA Rams described above showed a complete indifference to or conscious disregard for the safety of Plaintiff Hawkins and others in one or more of the following, specific respects:

i. The LA Rams declined to accept travel insurance;

j. The LA Rams failed to obtain travel insurance;

k. The LA Rams failed to develop, obtain or create an emergency evacuation plan;

l. The LA Rams failed to arrange transportation to get Plaintiff Hawkins home more quickly;

18

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

m.  The LA Rams failed to make a timely payment and/or pre-payment on Plaintiff Hawkins' behalf when they had actual or constructive knowledge of the medical emergency situation she faced;

n.  The LA Rams failed to create procedures and/or policies to protect Plaintiff Hawkins while on the MWR Tour;

o.  The LA Rams failed to provide a safe working environment and conditions for Plaintiff Hawkins while on the MWR Tour; and

p.  Such further negligent acts and omissions as the evidence and discovery will reveal.

122.   An award of punitive damages is justified in such sum as will serve to punish the LA Rams and deter the LA Rams, and others, from like conducts in the future.

WHEREFORE, Plaintiff Emily Hawkins prays for judgment against the LA Rams in Count II herein in an amount in excess of $25,000, that is fair and reasonable under the circumstances, for all lost wages, medical, doctor and hospital bills incurred or to be incurred in the future; for all pain and suffering as a result of her injuries; together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

### COUNT III – NEGLIGENCE
### (Plaintiff Hawkins v. Defendant Fimbres)

123.   Plaintiff incorporates the above allegations as though fully set forth herein.

124.   At all times mentioned herein, Defendant Fimbres acted as an employee and/or agent of the Rams and acted within the course and scope of her employment and/or agency.

125.   At and before the time of Plaintiff Hawkins' injury, supervisor and co-employee Defendant Fimbres breached an individual and personal duty to Plaintiff Hawkins and by her

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

affirmative negligent acts created an extra hazardous job environment beyond that normally encountered by Plaintiff Hawkins in her job as a Rams Cheerleader.

126.    Specifically, the following affirmative negligent acts were committed by Defendant Fimbres in a supervisory role which she was personally responsible for carrying out:

  a. Defendant Fimbres had actual and/or constructive knowledge of the danger of traveling to a foreign country without an evacuation plan or travel insurance;

  b. Defendant Fimbres had actual and/or constructive knowledge of the danger of allowing the Rams Cheerleaders, including Plaintiff Hawkins, to ride recreational vehicles because she had declined to allow them to ride such vehicles on prior trips;

  c. Defendant Fimbres had actual and/or constructive knowledge of the danger Plaintiff Hawkins and others were in while not under her supervision as she had remained with the groups at all times during overseas travel;

  d. Defendant Fimbres had actual and/or constructive knowledge of the danger of allowing the Rams Cheerleaders to travel without travel insurance or without an emergency evacuation plan because she had obtain such travel insurance and/or obtained an emergency evacuation plan for prior trips;

  e. Defendant Fimbres affirmatively and knowingly failed to adequately supervise Plaintiff Hawkins while overseas on a military tour thereby allowing Plaintiff Hawkins to ride on a recreational vehicle;

  f. Defendant Fimbres affirmatively and knowingly declined travel insurance or an evacuation plan;

  g. Defendant Fimbres affirmatively and knowingly decided not to obtain travel insurance or develop an evacuation plan;

20

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

h.  Defendant Fimbres affirmatively and knowingly decided not to request that Defendant Thornton provide travel insurance or an evacuation plan;

i.  Defendant Fimbres affirmatively and knowingly abandoned Plaintiff Hawkins and others when it was not safe to do so while overseas on a trip in which Plaintiff Hawkins and others were representing the Rams;

j.  Defendant Fimbres affirmatively and knowingly failed to develop, obtain or create an emergency evacuation plan;

k.  Defendant Fimbres affirmatively and knowingly failed to arrange transportation to get Plaintiff Hawkins home more quickly;

l.  Defendant Fimbres affirmatively and knowingly failed to make a timely payment and/or pre-payment on Plaintiff Hawkins' behalf when they had actual or constructive knowledge of the medical emergency situation she faced;

m.  Defendant Fimbres affirmatively and knowingly failed to create procedures and/or policies to protect Plaintiff Hawkins while on the MWR Tour;

n.  Defendant Fimbres affirmatively and knowingly failed to provide a safe working environment and conditions for Plaintiff Hawkins while on the MWR Tour; and

o.  Such further negligent affirmative acts and omissions as the evidence and discovery will reveal.

127.    Plaintiff Hawkins was not in a position to assess the danger of traveling overseas without travel insurance or without an evacuation plan because she relied on Defendant Fimbres, who induced her to rely on her, to arrange the travel for the MWR Tour.

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

128.   As a direct and proximate result of the affirmative negligence of Defendant Fimbres, Plaintiff Hawkins was subject to hazards beyond the usual requirements of her employment.

129.   Defendant Fimbres' conduct caused or contributed to cause Plaintiff Hawkins to be injured as well as suffer extreme mental anguish during the delay in evacuating her from AUAB and after, and her pain and discomfort were prolonged and exacerbated.

130.   As a direct and proximate result of the Plaintiff Hawkins' injuries and mental anguish, Plaintiff personally sustained and will continue to sustain actual damages including economic damages and lost wages, physical and mental injuries, emotional distress, and has become indebted for reasonable and necessary medical care and treatment.

131.   The negligence of Defendant Fimbres described above showed a complete indifference to or conscious disregard for the safety of Plaintiff Hawkins and others in one or more of the following, specific respects:

    a.   Defendant Fimbres had actual and/or constructive knowledge of the danger of traveling to a war-torn country without an evacuation plan or travel insurance;

    b.   Defendant Fimbres had actual and/or constructive knowledge of the danger of allowing the Rams Cheerleaders, including Plaintiff Hawkins, to ride recreational vehicles because she had declined to allow them to ride such vehicles on prior trips;

    c.   Defendant Fimbres had actual and/or constructive knowledge of the danger Plaintiff Hawkins and others were in while not under her supervision as she had remained with the groups at all times during overseas travel;

    d.   Defendant Fimbres had actual and/or constructive knowledge of the danger of allowing the Rams Cheerleaders to travel without travel insurance or without an

22

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

emergency evacuation plan because she had obtain such travel insurance and/or obtained an emergency evacuation plan for prior trips;

e.  Defendant Fimbres affirmatively and knowingly failed to adequately supervise Plaintiff Hawkins while overseas on a military tour thereby allowing Plaintiff Hawkins to ride on a recreational vehicle;

f.  Defendant Fimbres affirmatively and knowingly declined travel insurance or an evacuation plan;

g.  Defendant Fimbres affirmatively and knowingly decided not to obtain travel insurance or develop an evacuation plan;

h.  Defendant Fimbres affirmatively and knowingly decided not to request that Defendant Thornton provide travel insurance or an evacuation plan;

i.  Defendant Fimbres affirmatively and knowingly abandoned Plaintiff Hawkins and others when it was not safe to do so while overseas on a trip in which Plaintiff Hawkins and others were representing the Rams;

j.  Defendant Fimbres affirmatively and knowingly failed to develop, obtain or create an emergency evacuation plan;

k.  Defendant Fimbres affirmatively and knowingly failed to arrange transportation to get Plaintiff Hawkins home more quickly;

l.  Defendant Fimbres affirmatively and knowingly failed to make a timely payment and/or pre-payment on Plaintiff Hawkins' behalf when they had actual or constructive knowledge of the medical emergency situation she faced;

m. Defendant Fimbres affirmatively and knowingly failed to create procedures and/or policies to protect Plaintiff Hawkins while on the MWR Tour;

23

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

n.  Defendant Fimbres affirmatively and knowingly failed to provide a safe working environment and conditions for Plaintiff Hawkins while on the MWR Tour; and

o.  Such further negligent affirmative acts and omissions as the evidence and discovery will reveal.

132.  An award of punitive damages is justified in such sum as will serve to punish Defendant Thornton and deter Defendant Thornton, and others, from like conducts in the future.

WHEREFORE, Plaintiff Emily Hawkins prays for judgment against Defendant Fimbres in Count III herein in an amount in excess of $25,000, that is fair and reasonable under the circumstances, for all lost wages, medical, doctor and hospital bills incurred or to be incurred in the future; for all pain and suffering as a result of her injuries; together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

### COUNT IV – NEGLIGENCE
### (Plaintiff Hawkins v. Defendants Lonewolf and Thornton)

133.  Plaintiff incorporates the above allegations as though fully set forth herein.

134.  At all times mentioned herein, Defendant Thornton acted as an employee and/or agent of Defendant Lonewolf and acted within the course and scope of his employment and/or agency.

135.  At all times mentioned herein, Defendant Lonewolf acted as an agent of the Rams and acted within the course and scope of its agency.

136.  At all times mentioned herein, Defendant Thornton acted as an agent of the Rams and acted within the course and scope of his agency.

137.  Defendant Lonewolf and Defendant Thornton directed their business activities toward the State of Missouri.

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

138.   At all times mentioned herein, Defendant Thornton owed a duty to Plaintiff and others to carry travel insurance or plan for an emergency evacuation when arranging and profiting from booking travel abroad for Plaintiff Hawkins and others.

139.   Plaintiff and Defendant Thornton had a special relationship, and as such, Defendant Thornton owed Plaintiff a special duty to protect Plaintiff.

140.   Since 2008, Defendant has focused on producing shows in the Middle East for troops located in "those war torn countries." Defendant markets itself as a "military concert promoter" and is well aware of the dangerous conditions surrounding these trips to war torn countries.

141.   As part of this special relationship, Plaintiff Hawkins entrusted herself to the protection of Defendant Thornton and relied upon Defendant Thornton to provide a contingency plan in the case of accident or injury during travel in a Middle Eastern country.

142.   Defendant Thornton was negligent in one or more of the following respects:

a.   Defendant Thornton declined to accept travel insurance;

b.   Defendant Thornton failed to obtain travel insurance;

c.   Defendant Thornton failed to develop, obtain or create an emergency evacuation plan;

d.   Defendant Thornton failed to arrange transportation to get Plaintiff Hawkins home more quickly;

e.   Defendant Thornton failed to make a timely payment and/or pre-payment on Plaintiff Hawkins' behalf when they had actual or constructive knowledge of the medical emergency situation she faced;

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

    f.   Defendant Thornton failed to create procedures and/or policies to protect Plaintiff Hawkins while on the MWR Tour;

    g.   Defendant Thornton failed to provide a safe working environment and conditions for Plaintiff Hawkins while on the MWR Tour; and

    h.   Such further negligent acts and omissions as the evidence and discovery will reveal.

143.    Plaintiff Hawkins was not in a position to assess the danger of traveling overseas without travel insurance or without an evacuation plan because she relied on Defendant Thornton, who induced her to rely on her, to arrange the travel for the MWR Tour.

144.    As a direct and proximate result of the negligence of Defendant Thornton, Plaintiff Hawkins suffered extreme mental anguish and her pain and discomfort were prolonged and exacerbated.

145.    As a direct and proximate result of the negligence of Defendant Thornton, Plaintiff personally sustained and will continue to sustain actual damages including economic damages and lost wages, physical and mental injuries, emotional distress, and has become indebted for reasonable and necessary medical care and treatment.

146.    The negligence of Defendant Lonewolf and Thornton described above showed a complete indifference to or conscious disregard for the safety of Plaintiff Hawkins and others in one or more of the following, specific respects:

    a.   Defendant Thornton declined to accept travel insurance;

    b.   Defendant Thornton failed to obtain travel insurance;

    c.   Defendant Thornton failed to develop, obtain or create an emergency evacuation plan;

26

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

    d.  Defendant Thornton failed to arrange transportation to get Plaintiff Hawkins home more quickly;

    e.  Defendant Thornton failed to make a timely payment and/or pre-payment on Plaintiff Hawkins' behalf when they had actual or constructive knowledge of the medical emergency situation she faced;

    f.  Defendant Thornton failed to create procedures and/or policies to protect Plaintiff Hawkins while on the MWR Tour;

    g.  Defendant Thornton failed to provide a safe working environment and conditions for Plaintiff Hawkins while on the MWR Tour; and

    h.  Such further negligent acts and omissions as the evidence and discovery will reveal.

147.    An award of punitive damages is justified in such sum as will serve to punish Defendant Lonewolf and Thornton and deter Defendant Lonewolf and Thornton, and others, from like conducts in the future.

WHEREFORE, Plaintiff Emily Hawkins prays for judgment against Defendant Lonewolf Entertainment, Inc. and Defendant Thornton, jointly and severally, in Count IV herein in an amount in excess of $25,000, that is fair and reasonable under the circumstances, for all lost wages, medical, doctor and hospital bills incurred or to be incurred in the future; for all pain and suffering as a result of her injuries; together with costs herein expended, for pre- and post-judgment interest as provided by law, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT V
### (Loss of Consortium – Plaintiff Josh Hawkins v. all Defendants)

148.    Plaintiff Josh Hawkins restates and incorporates by reference every allegation set forth above as if fully set forth herein.

Electronically Filed - City of St. Louis - January 22, 2018 - 04:05 PM

149.    At all times relevant to this cause of action, Plaintiff Josh Hawkins is and was the lawfully wedded spouse of Plaintiff Hawkins.

150.    As a direct and proximate result of the previously mentioned negligence of all Defendants, as described above, Plaintiff Josh Hawkins sustained the loss of services, support, society, companionship, assistance with household chores, care, love, comfort, affection, consortium of his wife, and expenses for necessary medical care, treatment, and services received by his wife. Plaintiff Josh Hawkins will continue to sustain such loses in the future.

151.    The conduct of all Defendants, their agents, servants, employees and/or independent contractors, as described above, showed complete indifference to or conscious disregard for the safety of Plaintiffs and others, justifying an award of punitive damages in such sum that will serve to punish Defendants and to deter Defendants and others from like conduct in the future.

WHEREFORE, Plaintiff Josh Hawkins prays for judgment, jointly and severally, against all Defendants in Count V herein, each in an amount in excess of Seventy-Five Thousand Dollars ($75,000), for punitive damages, for his costs herein expended, for pre- and post-judgment interest, and for such other relief as the Court deems just.

Respectfully Submitted,

**THE SIMON LAW FIRM, PC**

By:       */s/ Erica Blume Slater*
          John G. Simon, #35321
          Erica Blume Slater, #63716
          800 Market Street, Suite 1700
          St. Louis, Missouri  63101
          P: (314) 241-2929
          F: (314) 241-2029
          jsimon@simonlawpc.com
          eslater@simonlawpc.com
          ***Attorneys for Plaintiffs***

28

Electronically Filed - City of St. Louis - February 02, 2018 - 08:41 AM

**In the**

# CIRCUIT COURT

**City of St. Louis, Missouri**



EMILY W. HAWKINS AND JOSHUA A. HAWKINS
_____
Plaintiff/Petitioner

vs.

THE ST. LOUIS RAMS, LLC, ET AL
_____
Defendant/Respondent

┌                              ┐
                        For File Stamp Only


└                              ┘

02/02/18
_____
Date

1822-CC00141
_____
Case number

_____
Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Emily W. Hawkins and Joshua A. Hawkins _____ , pursuant
                              Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

Mark Smith/Markell & Associates           2300 W. Port Plaza Dr., #202, St. Louis,  314-469-5555
_____
Name of Process Server                    Address                              Telephone

_____
Name of Process Server                    Address                              Telephone

_____
Name of Process Server                    Address                              Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:                                     SERVE:
The St. Louis Rams, LLC/Alan Bornstein     _____
_____
Name                                       Name
One Metropolitan Square, Ste 300           _____
_____
Address                                    Address
St. Louis, MO 63102                        _____
_____
City/State/Zip                             City/State/Zip

SERVE:                                     SERVE:
_____                  _____
Name                                       Name
_____                  _____
Address                                    Address
_____                  _____
City/State/Zip                             City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk         Erica B. Slater
                                           _____
                                           Attorney/Plaintiff/Petitioner
                                           63716
By_____                _____
     Deputy Clerk                          Bar No.
                                           800 Market St., Ste 1700, St. Louis, MO 63101
_____                  _____
                                           Address
Date                                       314-241-2929
                                           _____
                                           Phone No.

Electronically Filed - City of St. Louis - February 02, 2018 - 08:41 AM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - February 02, 2018 - 08:41 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - City of St. Louis - February 02, 2018 - 08:41 AM

**In the**

# CIRCUIT COURT

## City of St. Louis, Missouri



EMILY W. HAWKINS AND JOSHUA A. HAWKINS

Plaintiff/Petitioner

vs.

THE ST. LOUIS RAMS, LLC, ET AL

Defendant/Respondent

| | |
|---|---|
| 02/02/18 | |
| Date | |
| 1822-CC00141 | |
| Case number | |
| | |
| Division | |

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Emily W. Hawkins and Joshua A. Hawkins                               , pursuant

Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

OnDemand Legal, Inc.                        901 F. Street, Ste 110, Sacramento, CA  877-443-3868

Name of Process Server                     Address                                        Telephone
_____
Name of Process Server                     Address                                        Telephone
_____
Name of Process Server                     Address                                        Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:                                          SERVE:
The Los Angeles Rams, LLC/Auth. persons of Pa
Name                                            Name
2804 Gateway Oaks Drive #100
Address                                         Address
Sacramento, CA 95833
City/State/Zip                                  City/State/Zip

SERVE:                                          SERVE:
Keely L. Fimbres-Bledsoe, a/k/a Keely L. Fimbres
Name                                            Name
3803 Golden Pond
Address                                         Address
Camarillo, CA 93012
City/State/Zip                                  City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By_____
     Deputy Clerk

_____
Date

Erica B. Slater
Attorney/Plaintiff/Petitioner
63716
Bar No.
800 Market St., Ste 1700, St. Louis, MO 63101
Address
314-241-2929
Phone No.

Electronically Filed - City of St. Louis - February 02  2018 - 08:41 AM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - February 02, 2018 - 08:41 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

Electronically Filed - City of St. Louis - February 02, 2018 - 08:41 AM

**In the**

# CIRCUIT COURT

## City of St. Louis, Missouri



EMILY W. HAWKINS AND JOSHUA A. HAWKINS
_____
Plaintiff/Petitioner

vs.

THE ST. LOUIS RAMS, LLC, ET AL
_____
Defendant/Respondent

┌                                                      ┐
                                           For File Stamp Only

02/02/18
_____
Date

1822-CC00141
_____
Case number

_____
Division
└                                                      ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _Emily W. Hawkins and Joshua A. Hawkins_____, pursuant
                        Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

2 The Point Process, LLC          P.O. Box 442, Seabrook, TX 77586     281-407-0553
_____      _____      _____
Name of Process Server              Address                        Telephone

_____      _____      _____
Name of Process Server              Address                        Telephone

_____      _____      _____
Name of Process Server              Address                        Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:                                    SERVE:
Jeff Thornton, Registered Agent           Jeff Thornton, an Individual
_____                 _____
Name                                      Name
3001 Bay Creek Drive                      11413 7th Street
_____                 _____
Address                                   Address
Dickinson, TX  77539                      Santa, Fe, TX 77510
_____                 _____
City/State/Zip                            City/State/Zip

SERVE:                                    SERVE:
_____                 _____
Name                                      Name

_____                 _____
Address                                   Address

_____                 _____
City/State/Zip                            City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk        Erica B. Slater
                                          _____
                                          Attorney/Plaintiff/Petitioner
                                          63716
By_____               _____
   Deputy Clerk                           Bar No.
                                          800 Market Street, St. Louis, MO 63101
_____                 _____
Date                                      Address
                                          314-241-2929
                                          _____
                                          Phone No.

Electronically Filed - City of St. Louis - February 02, 2018 - 08:41 AM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit
   Clerk to serve process must have a license issued
   pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the
   Sheriff of the City of St. Louis if the applicant has
   met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level
      of education;

   c. Has insurance coverage for any errors or omissions
      occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been
      found guilty of any felony, or of any misdemeanor
      involving moral turpitude; and,

   e. Has passed a training course for the service of
      process which shall be administered by the Sheriff
      of the City of St. Louis.

3. Each applicant for a process server license under the
   provisions of this rule shall provide an affidavit
   setting forth such person's legal name, current
   address, any other occupations and current telephone
   numbers.  Licensed process servers shall immediately
   notify the Sheriff of the City of St. Louis of any
   change in the above information, and the failure to
   do so shall constitute good cause for the revocation
   of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a
   list of persons licensed to serve process pursuant to
   this rule, and shall make such list available to
   litigants upon request.

5. A photo identification card designed by the Sheriff
   of the City of St. Louis shall be issued in addition
   to the license.  No other identification will be
   allowed.  All licenses must be signed and approved by
   the Sheriff of the City of St. Louis and the
   Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved
   by the Court En Banc shall be charged to cover the
   costs of compiling and maintaining the list of
   process servers and for the training of such process
   servers.  The license fees shall be made payable to
   the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - February 02, 2018 - 08:41 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)



| | SPECIAL PROCESS SERVER | |

## IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: 1822-CC00141 | Special Process Server 1<br>M SMITH |
|---|---|---|
| Plaintiff's/Petitioner:<br>EMILY W HAWKINS | Plaintiff's/Petitioner's Attorney/Address<br>ERICA BLUME SLATER<br>800 MARKET STREET<br>SUITE 1700 | Special Process Server 2 |
| vs. | ST LOUIS, MO 63101 | Special Process Server 3 |
| Defendant/Respondent:<br>THE ST LOUIS RAMS LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD | |
| Nature of Suit:<br>CC Pers Injury-Other | SAINT LOUIS, MO 63101 | (Date File Stamp) |

### Summons in Civil Case

| The State of Missouri to: THE ST LOUIS RAMS LLC |
|---|
| Alias:  A LIMITED LIABILITY COMPANY |

SERVE: R/A  ALAN BORNSTEIN
ONE METROPOLITAN SQUARE
SUITE 3000
SAINT LOUIS, MO 63102

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**February 2, 2018**

_____        _____
           Date                                      Clerk

Further Information:

#### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                     Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____        _____
                                      Date                                   Notary Public

| **Sheriff's Fees** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $     10.00 |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



SPECIAL PROCESS SERVER

## IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: 1822-CC00141 | Special Process Server 1<br>M SMITH |
|---|---|---|
| Plaintiff/Petitioner:<br>EMILY W HAWKINS | Plaintiff's/Petitioner's Attorney/Address<br>ERICA BLUME SLATER<br>800 MARKET STREET<br>SUITE 1700 | Special Process Server 2 |
| vs. | ST LOUIS, MO  63101 | Special Process Server 3 |
| Defendant/Respondent:<br>THE ST LOUIS RAMS LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 | |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

### Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: | THE ST LOUIS RAMS LLC<br>Alias:  A LIMITED LIABILITY COMPANY |

SERVE: R/A  ALAN BORNSTEIN
ONE METROPOLITAN SQUARE
SUITE 3000
SAINT LOUIS, MO 63102

**COURT SEAL OF**

**CITY OF ST LOUIS**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**February 2, 2018**
_____
Date

_Thomas Kloeppinger_
_____
Clerk

Further Information:
_____

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

_(Seal)_    Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
Date                                                          Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $    10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



**SPECIAL PROCESS SERVER**

## IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number:  1822-CC00141 | |
|---|---|---|
| Plaintiff/Petitioner:<br>EMILY W HAWKINS | Plaintiff's/Petitioner's Attorney/Address:<br>ERICA BLUME SLATER<br>800 MARKET STREET<br>SUITE 1700 | Process Server 1 |
| vs. | ST LOUIS, MO  63101 | Process Server 2 |
| Defendant/Respondent:<br>THE ST LOUIS RAMS LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD | Process Server 3 |
| Nature of Suit:<br>CC Pers Injury-Other | SAINT LOUIS, MO  63101 | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  THE LOS ANGELES RAMS LLC
     **Alias:  A LIMITED LIABILITY CORPORATION, FORMERLY KNOWN AS
          AND SUCCESSOR IN INTEREST TO THE ST LOUIS RAMS LLC**
R/A  AUTHORIZED EMPLOYEES OF
PARACORP INCORPORATED
2804 GATEWAY OAKS DRIVE #100
SACRAMENTO, CA  95833

**COURT SEAL OF**

          You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve
     a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this
     summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you
     for the relief demanded in this action.

**CITY OF ST LOUIS**

          **February 2, 2018**          _Thomas Kloeppinger_
     ————————————————          ————————————————
               Date                              Thomas Kloeppinger
                                                       Circuit Clerk
          Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.   I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.   My official title is _____ of _____ County, _____ (state).
3.   I have served the above summons by:  (check one)
     ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
     ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
          _____, a person of the Defendant's/Respondent's family over the age of 15 years.
     ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
          _____ (name) _____ (title).
     ☐ other (describe) _____
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

————————————————          ————————————————
     Printed Name of Sheriff or Server                    Signature of Sheriff or Server

          **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
          I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                              ☐ the judge of the court of which affiant is an officer.
     *(Seal)*               ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                                   (use for out-of-state officer)
                              ☐ authorized to administer oaths.  (use for court-appointed server)

                                                  ————————————————
                                                       Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

          See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 *For Court Use Only:* Document ID# 18-SMOS-271          1 of 2     (1822-CC00141)          Rules 54.06, 54.07, 54.14, 54.20;
                                                                                           506.500, 506.510 RSMo

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



**SPECIAL PROCESS SERVER**

## IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: **1822-CC00141** | |
|---|---|---|
| Plaintiff/Petitioner:<br>EMILY W HAWKINS | Plaintiff's/Petitioner's Attorney/Address:<br>ERICA BLUME SLATER<br>800 MARKET STREET<br>SUITE 1700<br>ST LOUIS, MO 63101 | Process Server 1 |
| vs. | | Process Server 2 |
| Defendant/Respondent:<br>THE ST LOUIS RAMS LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | Process Server 3 |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  **KEELY L FIMBRES-BLEDSOE**
                  Alias:  **A/K/A KEELY L FIMBRES**

**3803 GOLDEN POND**
**CAMARILLO, CA 93012**

*COURT SEAL OF*

        You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**February 2, 2018**
_____
Date

*Thomas Kloeppinger*
_____
Thomas Kloeppinger
Circuit Clerk

*CITY OF ST LOUIS*

Further Information:
_____

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by: (check one)
    ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
    ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
    ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
    _____ (name) _____ (title).
    ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

        Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
        I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
                    ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                      (use for out-of-state officer)
*(Seal)*              ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



**SPECIAL PROCESS SERVER**

## IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: 1822-CC00141 | |
|---|---|---|
| Plaintiff/Petitioner:<br>EMILY W HAWKINS | Plaintiff's/Petitioner's Attorney/Address:<br>ERICA BLUME SLATER<br>800 MARKET STREET<br>SUITE 1700 | Process Server 1 |
| vs. | ST LOUIS, MO 63101 | Process Server 2 |
| Defendant/Respondent:<br>THE ST LOUIS RAMS LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD | Process Server 3 |
| Nature of Suit:<br>CC Pers Injury-Other | SAINT LOUIS, MO 63101 | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  LONEWOLF ENTERTAINMENT INC
Alias:  A CORPORATION

SERVE: R/A  JEFF THORNTON
3001 BAY CREEK DRIVE
DICKINSON, TX 77539

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**February 2, 2018**
_____
Date

*Thomas Kloeppinger*
_____
Thomas Kloeppinger
Circuit Clerk

*CITY OF ST LOUIS*

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
  ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
  ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
  ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
  ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
  ☐ the judge of the court of which affiant is an officer.
  ☐ authorized to administer oaths in the state in which the affiant served the above summons.
    (use for out-of-state officer)
  ☐ authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



### SPECIAL PROCESS SERVER

## IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>MICHAEL KELLAN MULLEN | Case Number: 1822-CC00141 | |
|---|---|---|
| Plaintiff/Petitioner:<br>EMILY W HAWKINS | Plaintiff's/Petitioner's Attorney/Address:<br>ERICA BLUME SLATER<br>800 MARKET STREET<br>SUITE 1700<br>ST LOUIS, MO 63101 | Process Server 1 |
| vs. | | Process Server 2 |
| Defendant/Respondent:<br>THE ST LOUIS RAMS LLC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | Process Server 3 |
| Nature of Suit:<br>CC Pers Injury-Other | | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: JEFF THORNTON
        Alias:

11413 7TH STREET
SANTA FE, TX 77510

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**February 2, 2018**      *Thomas Kloeppinger*

_____      _____
Date              Thomas Kloeppinger
                       Circuit Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____      _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)    ☐ the clerk of the court of which affiant is an officer.
                ☐ the judge of the court of which affiant is an officer.
                ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                   (use for out-of-state officer)
*(Seal)*            ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

### Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54. The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered. The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service. The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy. The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy. If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons. This form is not for use in attachment actions. (See Rule 54.06, 54.07 and 54.14)

### Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

Electronically Filed - City of St. Louis - February 12, 2018 - 04:17 PM



**SPECIAL PROCESS SERVER**

## IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division: | Case Number: 1822-CC00141 | |
|---|---|---|
| MICHAEL KELLAN MULLEN | | |
| Plaintiff/Petitioner: | Plaintiff's/Petitioner's Attorney/Address: | Process Server 1 |
| EMILY W HAWKINS | ERICA BLUMB SLATER | |
| | 800 MARKET STREET | |
| | SUITE 1700 | Process Server 2 |
| vs. | ST LOUIS, MO 63101 | |
| Defendant/Respondent: | Court Address: | Process Server 3 |
| THE ST LOUIS RAMS LLC | CIVIL COURTS BUILDING | |
| Nature of Suit: | 10 N TUCKER BLVD | |
| CC Pers Injury-Other | SAINT LOUIS, MO 63101 | (Date File Stamp) |

### Summons for Personal Service Outside the State of Missouri
#### (Except Attachment Action)

The State of Missouri to: **THE LOS ANGELES RAMS LLC**
Alias: **A LIMITED LIABILITY CORPORATION, FORMERLY KNOWN AS**
**AND SUCCESSOR IN INTEREST TO THE ST LOUIS RAMS LLC**

R/A AUTHORIZED EMPLOYEES OF
PARACORP INCORPORATED
2804 GATEWAY OAKS DRIVE #100
SACRAMENTO, CA 95833

COURT SEAL OF

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**February 2, 2018**

Date

Thomas Kloepinger
Circuit Clerk

CITY OF ST LOUIS

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Registered Process Server_ of _SACRAMENTO_ County, _CA_ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to The Los Angeles Rams, LLC., C/O Paracorp Inc., Registered Agent By Delivering To(name) Courtney Bains, Process Specialist, ATA (title).
   ☐ other (describe) _____ (address)

Served at 2804 GATEWAY OAKS DRIVE _____ (address)
in _SACRAMENTO_ County, _CA_ (state), on _02/05/2018_ (date) at _3:38 P.M_ (time).

Andrew Gilbert, RPS #1996-09 Sacramento Co.
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Subscribed and Sworn To me before this _____ (day) _____ (month) _____ (year)
I am: (check one) ☐ the clerk of the court of which affiant is an officer.
                   ☐ the judge of the court of which affiant is an officer.
                   ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
(Seal)             ☐ authorized to administer oaths. (use for court-appointed server)

Signature and Title

Service Fees, if applicable
Summons $43.00
Non Est $_____
Mileage $_____ (_____ miles @ $_____ per mile)
Total $43.00

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (7-04) SM60 For Court Use Only: Document ID# 18-SMOS-271          1 of 2          (1822-CC00141)          Rules 54.06, 54.07, 54.14, 54.20;
                                                                                              506.500, 506.510 RSMo

Electronically Filed - City of St. Louis - February 12, 2018 - 09:37 AM

## AFFIDAVIT OF RETURN OF SERVICE

COUNTY OF ST. LOUIS )

RE:   EMILY W. HAWKINS  v.  THE
ST. LOUIS RAMS, LLC
Circuit Court-City of St. Louis
State of Missouri
Case No. 1822-CC00141

Mark B. Smith, of Markell & Associates, Inc., being duly sworn upon his oath, states that he is over the age of 21 years; and that he is a disinterested party to this action; that he served a copy of the attached Summons and Petition on defendant The St. Louis Rams LLC,  by personal service  on Sara Coulson, Designee, by Alan Bornstein, Registered Agent, at 211 N. Broadway, Suite 3000, St. Louis, Missouri 63102 on February 8, 2018, 11:40 a.m.

MARKELL & ASSOCIATES, INC.

Mark B. Smith

Private Investigator
State of Missouri
License #2010019303

Private Detective
State of Illinois
License #115.001875

Subscribed to and sworn before me, a Notary Public on this 9th day of February, 2018.

KERRY STOCHL
My Commission Expires
March 20, 2021
Franklin County
Commission #13497041

Notary Public